### In re Paul F. MELELEU and Sharon A. Meleleu, Debtors.

### Bankruptcy No. 97–14245.

United States Bankruptcy Court, D. Rhode Island.

Dec. 11, 1997.

Peter M. Cosel, Newport, RI, for Debtors.

Terrence L. Parker, Providence, RI, Chapter 7 Trustee.

## SECTION 707(b) ORDER DISMISSING THE CASE

ARTHUR N. VOTOLATO, Bankruptcy Judge.

On November 7, 1997, an Order to Show Cause issued as to why this Chapter 7 case should not be dismissed under 11 U.S.C. § 707(b) as a substantial abuse of the provisions of this chapter. The Debtors' schedules show disposable income of $694.80 per month, and the total unsecured indebtedness in this case is $27,817, all of which appears to be consumer debt. See Schedules E and F. With the disposable income really available to these Debtors, they are able to pay 100% of their debts within forty-five months.

In response to the Order to Show Cause, the Debtors explain that originally they had understated their actual expenses by $1,000 per month, and now seek to correct that error by amending Schedule J. The expenses in the new schedule are inflated and unreasonable and, as Judge Hillman most charitably puts it, the amendment is the Debtors' "most determined effort to reduce the amount of excess income." *In re Snow*, 185 B.R. 397, 399 (Bankr.D.Mass.1995). Under the "totality of circumstances" approach, *see In re Haffner*, 198 B.R. 646 (Bankr.D.R.I. 1996); *see also In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989); *Snow*, 185 B.R. at 401; *In re Mastromarino*, 197 B.R. 171, 176 (Bankr.D.Me.1996), this transparent exercise in number crunching is insufficient to allow this case to remain in Chapter 7. The Debtors are able to pay all of their unsecured debts with relative ease, and certainly without sacrifice or hardship, i.e., using either the original schedules or on the amended schedules, but with the obviously unreasonable and/or inflated items adjusted, all creditors would be paid in full within forty-five months.

Based on the entire record, the case is DISMISSED, on the condition that the Order of Dismissal will become final in fifteen days unless the Debtors convert their case to Chapter 13, with plan provisions substantially as discussed above.

Enter Judgment consistent with this order.